UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

EGRID CHRISTINE JIMENEZ BORBOR,

                          Petitioner,

                                                      DECISION AND ORDER
v.                                                       21-CV-6325-FPG

SEARLS,

                          Respondent.
_____

On September 29, 2021, the Court issued a Decision and Order granting in part Petitioner Egrid Christine Jimenez Borbor's petition for habeas relief and ordering that Respondent hold a bond hearing no later than October 8, 2021. ECF No. 10. In the Decision and Order, the Court determined that Petitioner was detained pursuant to 8 U.S.C. § 1225(b), rather than 8 U.S.C. § 1231, as the Petitioner had a Petition for Review ("PFR") and motion to stay pending before the Second Circuit. *Id.*

On October 6, 2021, Respondent filed an *ex parte* motion to expedite its motion for an order reconsidering and vacating the Court's September 29, 2021 order. ECF Nos. 12, 13. In support of the motion to reconsider and vacate, Respondent asserts that on October 5, 2021, the Second Circuit issued an order dismissing the PFR and denying Petitioner's motion for a stay as moot. ECF No. 13-5 at 2; ECF No. 13-3 at 1. Therefore, Respondent asserts that Petitioner is now detained under 8 U.S.C. § 1231(a), is subject to mandatory detention, and Respondent should not be required to hold a bond hearing.

"A motion for reconsideration should be granted only when the [movant] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL*

*Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013).  Accordingly, a motion for reconsideration should be denied if the moving party seeks to present "the case under new theories" or otherwise take a "second bite at the apple."  *Analytical Surveys, Inc. v. Tonga Partners, LP*, 684 F.3d 36, 52 (2d Cir. 2012).

This Court's prior decision turned on whether Petitioner was detained pursuant to 8 U.S.C. § 1225(b) or 8 U.S.C. § 1231, and ultimately, the Court concluded that because Petitioner had a PFR (and motion to stay) pending in the Second Circuit, he was detained pursuant to 8 U.S.C. § 1225(b) and was entitled to a bond hearing.  However, the Second Circuit's dismissal of Petitioner's PFR changes his status, as the removal period has now begun.  *See* 8 U.S.C. § 1231(a)(1)(B)(ii); *see also Hechavarria v. Sessions*, 891 F.3d 49, 55 (2d Cir. 2018) (stating that an alien who "who have filed petitions for review with a court of appeals and received a stay" are treated as detained under Section 1231 as of "the date of the court's final order"); *Wang v. Washcroft*, 320 F.3d 130, 147 (2d Cir. 2003).  Though Respondent appears to be correct that Petitioner is no longer entitled to a bond hearing, the Court will provide Petitioner with an opportunity to respond.

Therefore, given the change in circumstances between the Court's prior Decision and Order and the current date, the Court hereby GRANTS Respondent's request for expedited review, ECF No. 12, and further

VACATES its prior Decision and Order, ECF No. 10, and temporarily lifts the requirement that Respondent provides Petitioner a bond hearing on or before October 8, 2021, and further

ORDERS that Respondent personally serves a copy of this Decision and Order and Respondent's Motion to Reconsider, ECF No. 13, on Petitioner no later than October 8, 2021, and further

ORDERS that Petitioner shall provide his response to Respondent's Motion, if any, to an ICE officer no later than October 15, 2021, and upon receipt of Petitioner's response, ICE will immediately transmit the materials to the United States Attorney's Office via electronic mail. The United States Attorney's Office will then upload the materials to CM/ECF.

IT IS SO ORDERED.

Dated: October 7, 2021
       Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York